C. ITOH & CO. (AMERICA), INC., et al.

v.

M/V HANS LEONHARDT, et al.

Civ. A. No. 85–5135.

United States District Court, E.D. Louisiana.

Aug. 15, 1989.

See also 719 F.Supp. 479.

Francis J. Barry, Jr., Warren G. Greenwood, Jr., Deutsch, Kerrigan & Stiles, New Orleans, La., for plaintiff.

Fred E. Salley, Jack Salley, E. Tucker Gore, New Orleans, La., for defendant.

## MEMORANDUM OPINION

MENTZ, District Judge.

Before the Court is the motion of third-party defendant, T. Smith & Sons, Inc. (T. Smith), for summary judgment dismissing the third-party complaint filed by defendant, American Commercial Barge Line Company (ACBL). By way of Order and Reasons dated April 12, 1989, the Court limited ACBL's third-party complaint to whether the loading procedures employed by T. Smith caused the thirteen-inch crack in the boundary angle of the hopper of barge ACBL 1323. In its motion for summary judgment, T. Smith alleges that there is no factual basis to support ACBL's claim that T. Smith's stevedoring procedures caused or contributed to the thirteen-inch crack.

■ The Court has reviewed the evidence submitted by ACBL in opposition to the motion and finds that ACBL is unable to substantiate it contention that T. Smith's negligent loading practices caused the thirteen-inch crack. The only witnesses who specifically testify that stevedore operations could cause a thirteen-inch crack (as opposed to superficial hairline cracks which would not permit entry of water) are Kenneth W. Spiers, the general superintendent for Louisiana Dock Company, and Donald J. Thompson, a marine surveyor. These witnesses are lay as opposed to expert witnesses and therefore can only give an opinion under Federal Rule of Evidence 701.

Rule 701(a) requires that lay opinions meet the requirements of personal knowledge under Rule 602. Entitled "Opinion Testimony by Lay Witnesses," Rule 701 provides:

If the witness is not testifying as an expert, the witnesses' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

In order to comply with the first requirement of Rule 701, "the testimony must initially pass the personal knowledge requirement of Rule 602 which is incorporated in Rule 701." 3 J. Weinstein & M. Berger, *Weinstein's Evidence,* § 701[02] (1988). Therefore, Spiers' and Thompson's testimony in the form of opinions regarding the cause of the thirteen-inch crack must be limited to their personal knowledge.

Neither Spiers nor Thompson have viewed the thirteen-inch crack in ACBL 1323. Accordingly, their opinion testimony regarding the cause of the crack is not admissible. Though these witnesses have viewed photographs of the crack, a photograph is not the personal knowledge that Rule 602 requires.[1]

Rule 602 provides, in pertinent part, that "a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." The Advisory Committee notes to Rule 602 explains that the rule " 'requir[es] that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact....' " Notes of Advisory Committee on Proposed Rules, (quoting C. McCormick, Handbook of the Law of Evidence § 10, at 19 (1954)). Thus, evidence is inadmissible under Rule 602 if "the witness could not have actually perceived or observed that which he testifies to." *M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 681 F.2d 930, 932 (4th Cir.1982).

Had Spiers or Thompson personally observed the crack, they could give an opinion under Rule 701 explaining the cause of the crack and could identify the photograph as depicting the crack they had personally observed. *See United States v. Butcher*, 557 F.2d 666, 669 (9th Cir.1977) (wherein the court upheld the propriety of allowing state witnesses to identify the defendant as the person in surveillance photographs where their identifications were based solely upon their prior perceptions of the defendant). However, since neither Spiers nor Thompson personally viewed the crack, they have no firsthand knowledge of the damage to the barge upon which to base their opinion testimony. ACBL's reliance on *Joy Mfg Co. v. Sola Basic Industries, Inc.*, 697 F.2d 104, 110–12 (3rd Cir.1982), and *United States v. Borrelli*, 621 F.2d 1092, 1095 (10th Cir.1980), *cert. denied*, 449 U.S. 956, 101 S.Ct. 365, 66 L.Ed.2d 222 (1980), is misplaced because in those cases the witness had personal knowledge of the subject matter about which he was testifying. In order to introduce at trial the opinion testimony of Spiers and Thompson, ACBL would have had to list them in the pre-trial order as expert witnesses under Rule 702. Only an expert witness may give an opinion based solely on evidence made known to the expert outside of court which is not based on his own perception. Fed.R.Evid. 703.

Federal Rule of Civil Procedure 56(c) mandates entry of summary judgment where, after adequate time for discovery has been allowed, the non-moving party

> fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]he standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)).

■ Summary judgment is appropriate in the case at bar because ACBL has not presented evidence sufficient to survive a motion for directed verdict on its cross-claim were this case to proceed to trial. The opinion testimony of Spiers and Thompson is inadmissible under Rule 701.

---

1. Although no cases directly on point were cited by either party and none have been found after independent research, it is clear that testimony based on a photograph does not satisfy the personal knowledge requirement of the Federal Rules of Evidence.

The other witnesses for ACBL merely testify that rough stevedoring practices can cause cracks in a barge. The Court is aware from the trial on the main demand that it is common for the hopper of a river barge to sustain cracks during the loading and discharge process, but that these cracks are typically hairline cracks which do not permit the entry of water. Other than the testimony of Spiers and Thompson, none of ACBL's witnesses testify that a thirteen-inch active fracture as was found in barge ACBL 1323 can be caused by stevedore practices. Based on the foregoing, the Court finds that ACBL has not presented any evidence which would be admissible at trial to establish the cause of the thirteen-inch crack.[2]

Accordingly,

IT IS ORDERED that the motion of third-party defendant, T. Smith & Son, Inc., for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of third-party defendant, T. Smith & Son, Inc., and against third-party plaintiff, American Commercial Barge Line, Inc., dismissing ACBL's third-party complaint with prejudice and costs.

---

**2.** In addition to its indemnity claim based on breach of implied warranty of workmanlike performance, ACBL argues that T. Smith is liable under the doctrines of *res ipsa loquitur* and bailment for damage to the cargo in barge ACBL 1323. However, *res ipsa loquitur* is inapplicable to the case at bar because T. Smith did not have exclusive control of the barge from the time T. Smith loaded the cargo to the time the thirteen-inch crack was found. *See United States v. Nassau Marine Corp.,* 778 F.2d 1111, 1115 (5th Cir.1985) (establishing a three-part test for the application of *res ipsa loquitur).* Further, the Court questions whether *res ipsa loquitur* may be applied in the instant litigation.

The only admiralty cases which have allowed application of this doctrine involve the sinking of a barge for apparently inexplicable reasons. *See Id.* at 1112; *United States v. Baycon Industries, Inc.,* 804 F.2d 630 (11th Cir.1986). ACBL's claim that T. Smith is liable under a bailment theory is contrary to the jurisprudence, which requires a contractual relationship, express or implied, between the bailee and bailor, and exclusive possession of the bailed property. *See T.N.T. Marine Service, Inc., v. Weaver Shipyards & Dry Docks, Inc.,* 702 F.2d 585, 588 (5th Cir. 1983), *cert. denied,* 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983).